UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ALFREDO MARTINEZ RIQUENE** | **CASE NO. 2:23-CV-01824 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **I D NUMBER, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Pending before this Court are the original and amended civil rights complaints (docs. 1, 11) filed pursuant to 42 U.S.C. §1983 by pro se plaintiff, Alfredo Martinez Riquene, an inmate in the custody of the Federal Bureau of Prisons and currently incarcerated at FCI-Oakdale in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITH PREJUDICE** as frivolous.

### I. BACKGROUND

Plaintiff complains that prison staff took his IRS stimulus check in the amount of $1,845.99, falsified his signature and cashed the check, never depositing the money into his commissary account. Doc. 11, p. 3.

### II. LAW AND ANALYSIS

#### A. Frivolity Review

Riquene has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte*

dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Stolen Property

Plaintiff complains that FCI-Oakdale staff stole his IRS stimulus check. In *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds) and *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984), known collectively as the "*Parratt/Hudson* Doctrine," the United States Supreme Court found that a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the state furnishes an adequate post-deprivation remedy. *See Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991). Although *Hudson* and *Parratt* apply on their face to state prison officials, the United States Fifth Circuit Court of Appeals has extended this holding to federal prisoners. *See Sun v. U.S.,* 49 F.3d 728 (5th Cir. 1995).

Plaintiff cannot show the absence of an adequate post-deprivation remedy. Along with the administrative process of the Federal Bureau of Prisons, 31 U.S.C. § 3724 allows the Attorney General of the United States to settle claims for "personal injury, death, or damage to, or loss of,

privately owned property, caused by an investigative or law enforcement officer as defined in section 2680(h) of Title 28 who is employed by the Department of Justice acting within the scope of employment that may not be settled under chapter 171 of Title 28 [i.e. the Federal Tort Claims Act]." 31 U.S.C. § 3724.

Other courts have also held that 31 U.S.C. § 3724 represents an adequate post-deprivation remedy for federal prisoners complaining of deprivation of personal property. *See Marulanda v. U.S. Marshals Service,* 467 Fed. App'x 590 (9th Cir. 2012) (holding that Congress has provided an adequate post-deprivation remedy for the unauthorized acts of a federal employee, citing 31 U.S.C. § 3724(a), so Plaintiff had no claim for the destruction of his property under *Hudson*); *Salter v. Nickerson*, No. 5:12-CV-22, 2013 WL 866198, at *1 (E.D. Tex. Jan. 25, 2013), *report and recommendation adopted*, 2013 WL 866475 (E.D. Tex. Mar. 7, 2013); *Bonneau v. Maxwell*, 2012 U.S. Dist. LEXIS 119483, 2012 WL 3644140 (D. Or. Aug. 23, 2012) (31 U.S.C. § 3724 foreclosed *Bivens* claim for destruction of property by government officials). Therefore, to the extent that Plaintiff complains of the theft of his property as a due process violation, his claim is foreclosed by *Parratt* and *Hudson*. *See Ike v. Fontenote*, No. 11-CV-2170, 2013 WL 4516018 (W.D. La. Aug. 22, 2013).

**Conclusion**

Therefore,

**IT IS RECOMMENDED THAT** this matter be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 9th day of October, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE